[No. 5936–3–II.   Division Two.   November 4, 1983.]

INTERNATIONAL EXPORT CORPORATION, *Respondent,* v. CLALLAM COUNTY, ET AL, *Appellants.*

*David Bruneau, Prosecuting Attorney,* and *Chris Melly,*

*Deputy,* for appellants.

*George R. Mosler,* for respondent.

WORSWICK, J.—On June 6, 1980, International Export Corporation filed a 1980 personal property tax exemption claim and proof of shipment for unprocessed timber previously held in Clallam County. The assessor denied the exemption, contending that RCW 84.36.140 and RCW 84.36.150 require that proof of shipment be filed before June 1. International paid part of the tax and filed this suit seeking a refund and a judgment requiring the assessor to approve the exemption claim. The facts being undisputed, both parties moved for summary judgment. The trial court denied the County's motion and granted International's. The County appeals. We reverse.

RCW 84.36.140 provides in part:

> All grains and flour, fruit and fruit products, unprocessed timber, vegetables and vegetable products, and fish and fish products, while being transported to or held in storage in a public or private warehouse or storage area shall be exempt from taxation if actually shipped to points outside the state on or before April 30th of the first year for which they would otherwise be taxable: *Provided,* That proof of shipment be furnished as required in RCW 84.36.150: . . .

RCW 84.36.150 provides in part:

> All such grains and flour, fruit and fruit products, vegetables and vegetable products, and fish and fish products shall be listed and assessed as of January 1st of each year, without regard to any average inventory; but the assessor shall cancel any such assessment in whole or in proportionate part upon receipt of sufficient documentary proof that the property so assessed was actually shipped to points outside the state on or before April 30th of such year: *Provided,* That no such cancellation shall be made unless such proof be furnished to the county assessor before June 1st of such year: . . .

RCW 84.36.140 is a reference statute, in that it adopts by reference part of RCW 84.36.150. The terms referred to, and only those terms, must be treated as if they were

incorporated into the referring act. *Knowles v. Holly,* 82 Wn.2d 694, 513 P.2d 18 (1973).

International contends that section .140 incorporates all of section .150, and since .150 does not mention unprocessed timber, proof of shipment for that item need not be furnished by June 1. The County contends that section .140 adopts only the procedural language of section .150 dealing with proof of shipment. We agree with the County.

The proviso to section .140 clearly refers only to the proof of shipment requirement in section .150. It makes no reference to the substantive portion of .150 dealing with assessment and cancellation of assessment for the products enumerated in that section.

International contends that the legislative history of RCW 84.36.140 and RCW 84.36.150 demonstrates that the Legislature did not intend to list unprocessed timber in section .150.[1] With this, we agree. However, from this International argues that the Legislature intended the June 1 filing deadline to apply only to the listed items in .150, and not to unprocessed timber. With this, we disagree.

It does not follow that because the Legislature exempted unprocessed timber from the assessment and cancellation of assessment procedures of .150, it also exempted it from the June 1 filing deadline. Section .140 deals with unprocessed timber and clearly incorporates the June 1 deadline as applied to timber.

In its summary judgment order, the trial court indicated International's exemption should be allowed because proof of shipment was filed within 6 days of June 1. In this the court erred. If a taxpayer desires to benefit from a tax exemption, it must comply with the statute which gives it

---

[1]In 1972 the Legislature amended (House Bill 45) RCW 84.36.140 to include unprocessed timber within the exemptions already provided. *See* Senate Journal, 42d Legislature (1972), at 445–46. RCW 84.36.150 was not amended to include unprocessed timber within the products that must be listed and assessed as of January 1. A comparable Senate Bill, which did not pass, would have amended both RCW 84.36.140 and RCW 84.36.150 to include unprocessed timber. *See* Senate Journal, at 239–40.

that privilege. *Halferty & Co. v. King Cy.*, 30 Wn.2d 561, 192 P.2d 736 (1948). RCW 84.36.150 provides that proof of shipment must be furnished to the assessor before June 1. The court may not exercise equitable principles to relieve International from the clerical mistake that was evidently made in this case. *See Halferty*, 30 Wn.2d at 569–71.

Reversed and remanded with directions to enter summary judgment for Clallam County.

PETRICH, C.J., and PETRIE, J., concur.

Reconsideration denied November 29, 1983.

Review denied by Supreme Court January 30, 1984.